## In re BROOKS' ESTATE.

### (Surrogate's Court, Orange County. February 17, 1890.)

1. CONSTRUCTION OF WILL—LEGACY IN TRUST.
    A testator gave $2,000 to his executors in trust for his nephew, to be so managed as to best promote his future welfare and happiness, and to that end left "the disposition and management of said sum, both interest and principal, should it be necessary," to their "better judgment and discretion." Held, the legacy vested in the nephew at testator's death, subject to the control of the executors, and at his death passed to his personal representatives, and not to the residuary legatee.

2. LEGACY IN LIEU OF DOWER—ABATEMENT.
    A legacy given in lieu of dower, even though it exceed in value the dower right relinquished, does not abate on the failure of the estate to pay legacies in full.

Proceedings for the judicial settlement of the accounts of Charles M. Thompson, as executor of the will of Benjamin F. Brooks, deceased.

J. W. Gott, for the executor.   J. W. Bartram, for Celia A. Brooks.

COLEMAN, S. The testator provided in his will as follows: First. I gave and devise to my wife, Celia Ann, $2,500, in lieu of dower; also I give and devise to my executors hereinafter named $2,000, in trust for my nephew Ellsworth Mather. And it is my will that this sum shall be so managed and used as will best promote the future welfare, comfort, and happiness of the said Ellsworth Mather, and to that end I shall leave the disposition and management of the said sum, both interest and principal, should it be necessary, to

the better judgment and discretion of my executor hereinafter named.  \*  \*  \*
All the rest and residue of my real and personal estate, of, whatsoever or
wheresoever, and which has not hereinbefore been disposed of, after paying
my debts, legacies, and funeral expenses, I give  \*  \*  \*  to my two nieces.
\*  \*  \*"  The estate is insufficient to pay the legacies in full.  The legacy
to the widow is conceded to be in value many times the actual value of the
dower right released, and it is claimed that the excess in value should ratably
abate with the other legacies.  The principle is well established that legacies
given in lieu of dower do not abate, and, while I do not find any case in
which it is stated that it makes no difference whether the legacy exceeds in
amount the value of the dower right relinquished, I do find several cases in
which it was stated that such was the fact, and no significance apparently
was attached to it.  *Orton* v. *Orton,* 3 Abb. Dec. 411.  The testator died
July 11, 1888, and his nephew has since died, having received only $174.50
on account of the said legacy.

The question now arises, who takes the principal of the legacy,—the rep-
resentatives of the deceased nephew or the residuary legatees?  In Roper on
Legacies, at page 640, several instances are given where executors were di-
rected to purchase annuities for legatees during life, and the legatee died
soon after the testator, and before the money had been invested in the annui-
ties, where it was held that the fund vested in the legatee at the death of the
testator, and passed to the representatives of the legatee; and at page 647,
other cases in which legacies were given to trustees in trust to apply the prod-
uce to the maintenance during minority, and then to settle the same upon
the legatee or his issue, in the discretion of the trustees.  The legatee, having
attained majority, but dying before settlement made, was held to have be-
come absolutely entitled upon his death so as to be able to bequeath the fund
by his will.  These cases differ from the present, in that in those cases to have
carried out the directions of the testator would have completely taken away
from the residue the amount of the legacy, and the testator clearly so intended.
Here such intention is not so plain; the gift is of $2,000, in trust to the ex-
ecutors "for my nephew."  The trust is the disposition and management "of
the sum," principal and interest, if necessary, for the nephew's best inter-
ests.  In their discretion, they might have paid out to or for him the whole
income and fund, and I think could have invested the whole fund in annui-
ties payable during his life.  The case of *Campbell* v. *Brownrigg,* 1 Phil.
Ch. 301, it seems to me is an authority in this case.  The testator bequeathed
50,000 sicca rupees to his daughter for her use, in the following manner: to
be invested in government securities, interest to be paid to her during her
life-time, and if she married, and had children, such children to take the
principal.  The remainder of his property he gave between three legatees.
The daughter survived the testator, and was married, but had no children.
The question arose whether the fund belonged to the personal representatives
of the daughter or to the residuary legatees.  The chancellor, overruling the
decision of the vice-chancellor, held that the use only was controlled, and that
the daughter took subject to that restriction, and when it ceased it remained,
by virtue of the gift, her absolute property.  In *Hone's Ex'rs* v. *Van Schaick,*
20 Wend. 564, legacies were given, not to be paid without the written appro-
bation of the parents, who were to fix a discreet and proper time for the pay-
ment, and it was held that the legatees took a vested interest immediately on
the death of the testator.  I have been unable to find in the Reports of this
state any authority which settles the law of this case, but upon the authority
of *Campbell* v. *Brownrigg, supra,* and our statute relating to uses, I conclude
that the legacy to Ellsworth Mather vested in him at the death of his uncle,
the testator, subject only to the control of the executor during the life of the
said Ellsworth, and at his death passed to his legal representatives, and not
to the residuary legatees of the testator.